SPENCE (KIDD v.). See Case No. 7,755.

## Case No. 13,229.

### In re SPENCER.

[18 N. B. R. 199.] [1]

Circuit Court, S. D. New York. May 23, 1878.

BANKRUPTCY—COMPOSITION—REPORT OF REGISTER —CREDITORS—NOTICE.

1. On application for a final order of confirmation of a proposed composition, the report of the register must, for the purposes of such application, be taken to be a true and full report of all the proceedings before him. If parties are dissatisfied with it, either because of alleged omission or mistake, they should move promptly to have it referred back for correction. The other party is entitled to have notice of such proposed correction before the motion for confirmation comes on for argument.

2. If, through accident or design, the notice of the first meeting fails to reach creditors whose presence at the meeting might alter the result of the vote, and the court is satisfied that their failure to attend was owing to the

[1] [Reprinted by permission.]

failure of the notice alone, and that their votes would have changed the result, it is proper and right that on their application the meeting, if closed, should be reopened, and the vote of each person received and counted; but such relief should be applied for promptly, and one who lies by until the second meeting has been called and convened cannot then ask to have the first meeting reassembled, unless the delay is excused for sufficient cause.

3. When the register has decided as to the right to prove and vote upon a particular claim as between two parties who claim such right, the proper course for the party aggrieved is to apply for an adjournment of the meeting till his right as a creditor can be tested and passed upon by the court before the final vote is taken. He may ask to have the question certified to the court upon the testimony before the register; or, if he desires to produce further evidence, he should ask leave to produce it, and, if necessary, ask for time. If, however, he submits to the decision, and without further objection allows the vote to be taken, he cannot ordinarily be allowed to reopen the question at the second meeting, upon consideration of the question whether the requisite majority present at the first meeting have assented to the composition.

[Cited in Re Keller, Case No. 7,654.]

4. If any party is aggrieved by the rulings of the register on his application for time or opportunity to prove his right to vote, or to disprove another claimant's right, it is competent for the court, in order to secure a full and fair vote, to reopen the meeting and adjourn it, and provide for the proper determination of all questions of the right to vote in some suitable way before a final vote is taken; and, upon the coming in of the report of the register, his rulings on these questions, as disclosed by the record, are subject to the review of the court for the determination of the question whether the requisite majority of those present have assented to the composition.

5. The composition was only two per cent. The largest creditor, without whose vote, if she had been present, it could not have been passed, was strongly opposed to it. Owing to misdirection of the notice by accident or design, she was not present to vote. There was also a doubt as to the right of one of the consenting creditors to vote. Held, that the composition was not for the best interests of the creditors; that there was a formal, but not a real, compliance with the requirements of the law as to the consenting majority of creditors.

In bankruptcy.

W. E. Smith, for bankrupt.

J. G. Gay and G. H. Starr, for consenting creditors.

H. B. Ferguson, for S. K. Spencer.

CHOATE, District Judge. This is a motion for a final order of confirmation of a proposed composition offered by the bankrupt. Upon this motion affidavits are offered on behalf of opposing creditors for the purpose of showing errors in the reports of the register of the proceedings at the first and second meetings in composition, in that the register omitted to make any record of objections taken and other proceedings at the meetings, and in that he misstated what did take place. So far as the objections to the order of confirmation rest on this ground they must be overruled.

The report of the register must be taken

to be a true and full report of all the proceedings before him for the purposes of this motion, and if parties are dissatisfied with his report, either because of alleged omission or mistake, they should move promptly to have it referred back for correction. The other party is entitled to have notice of such proposed correction before the motion for confirmation comes on for argument.

In this case, however, it appears by the report of the register that proof was made at the first meeting, by one Clarkson, on two judgments recovered by one Seagrave, in the year 1872, against the bankrupt jointly with Samuel K. Spencer and Margaret A. Spencer, which judgments were upon notes made by the bankrupt to the order of and indorsed by Samuel K. Spencer, the judgments amounting together to four thousand and thirty-four dollars and thirty-seven cents. The deposition alleged that the judgments had been duly assigned to Clarkson, and that he was the lawful owner and holder thereof. No written assignment was produced or proved. At the same meeting, and on the same day, one Samuel K. Spencer filed a deposition for proof of claim for four thousand nine hundred and seven dollars and forty-seven cents, including said two judgments as belonging to him, which proof was objected to by the attorney for Clarkson. The bankrupt produced his sworn statement of debts and assets, in which Clarkson appears as the owner of these judgments, and wherein it is stated that they were recovered on notes made by the bankrupt for the accommodation of Samuel K. Spencer, which were discounted by Seagrave for Samuel K. Spencer, who received the amount thereof, and that they had been assigned to Clarkson. The bankrupt then submitted his proposition for a composition, and the meeting was adjourned for the purpose of having objections filed to the proof made by Samuel K. Spencer. Upon the adjourned day Samuel K. Spencer appeared with counsel. The bankrupt filed objections to his proof, and after hearing counsel the register held that he should be admitted as a creditor to the amount of one thousand dollars, excluding his claim as the owner of these two judgments. The meeting then without objection, so far as appears, proceeded to consider and vote upon the composition. Clarkson voted yea on five thousand and thirty-four dollars and thirty-seven cents, by inadvertence apparently, his claim being overstated by one thousand dollars. Samuel K. Spencer voted nay on one thousand dollars. The vote was seven creditors in the affirmative, whose debts amounted to thirteen thousand six hundred and thirty-three dollars and fifty-two cents. In the negative two creditors, whose debts were one thousand six hundred and seven dollars and twenty-six cents. The first meeting was closed December 17, 1877. The second meeting was called for the 28th of March, 1878.

At this meeting Samuel K. Spencer appeared with counsel, also Clarkson and other creditors.

The attorney for Samuel K. Spencer produced a new proof of his claim, sworn to March 28, 1878, in which, besides his claim for one thousand dollars on a promissory note on which he had been allowed to vote, he included the two judgments above referred to, averring in his deposition that the notes on which they were recovered were made by the bankrupt for value and delivered to him; that he indorsed the same and delivered them to Seagrave to secure the sum of one thousand dollars loaned by Seagrave to him; that he afterwards paid the loan and received the notes back; that the notes were protested and he instructed his attorney to sue on the notes and make himself a defendant as indorser, because he did not want to sue his brother in his own name; that Seagrave held the judgment in trust for him and he had never consented to an assignment. The proof was objected to by the bankrupt on the ground that by the transcript of the judgment Samuel K. Spencer appeared to be a judgment debtor, that his claim had been already passed upon at the first meeting, and on other grounds. The attorney for Samuel K. Spencer objected to the claim of Clarkson. Another creditor, Mrs. Thomas, also objected to Clarkson's claim, and filed written objections to it. The register held that these matters were not subjects of inquiry at this meeting, and the meeting adjourned. On the adjourned day the counsel for Samuel K. Spencer offered to prove, by witnesses then in court, that the two judgments proved by Clarkson really belonged to Samuel K. Spencer.

The counsel for Clarkson objected that the question could not be entertained at that stage of the proceedings, and that the question had been passed on at the first meeting and that no objection had been then made to Clarkson's claim. The register held that he had no authority at this meeting to take the proof which was offered.

The counsel for creditors opposing the composition proposed to examine the bankrupt. This was objected to on the ground that the application was too late, and the register so held. The meeting was then declared closed.

In opposition to the confirmation of the composition one Augusta Thomas now makes affidavit that she did not, in fact, receive the notice or any notice of the first meeting until it was too late for her to attend; that she has resided at 76 Norfolk street, in this city, for three years last past, and never resided at 79 Norfolk street, the address given as her place of residence in the schedule of creditors, and to which, as appears by the record, her notice was sent. She also swears that her true address was well known to the bankrupt. Her debt, which was proved immediately after the first meeting, amounts with interest to about eight thousand dollars. She is oppos-

ed to the composition, and if she had been present at the first meeting in all probability it would not have been approved, as her vote would have been sufficient to defeat it.

This case presents some interesting questions as to the proper practice in composition proceedings. The terms of the law which make the validity of the composition to depend upon its receiving the approval of a certain proportion in number and value of the creditors present at the meeting, render it very important and indeed essential that proper measures should be taken to notify creditors of the meeting, and that before a vote is taken the question of the right of persons claiming to vote should be properly determined. As to the notice, ordinarily, the proof by affidavit of the giving of the regular notice through the mail to all the creditors named in the schedule will be held sufficient and conclusive of the regularity of the notice; but if, through accident or design, this notice fails to reach creditors whose presence at the meeting might alter the result of the vote, and the court is satisfied that their failure to attend the meeting was owing to the failure of the notice alone, and that their votes would have changed the result, it certainly would be proper and right that on their application the meeting, if closed, should be reopened, and the vote of each person received and counted. If, however, this relief is sought, it should be applied for promptly, and one who lies by till the second meeting has been called and convened can hardly ask them to have the first meeting reassembled, unless the delay is excused for sufficient cause. In this case the creditor, Mrs. Thomas, was telegraphed for while the first meeting was in session, but arrived too late to cast her vote. She made proof of her claim, however, on the same day, December 17, 1877. I think her delay to move for relief, on the ground of the failure to get the notice, till March 28th, was such laches as should now bar her claim to object to the vote taken at the first meeting as irregular. The fact, however, that she, the largest creditor, strenuously objects to the composition is a circumstance that should have its due weight with the court on the question whether the composition proposed is for the best interests of the creditors.

As to the determination of all questions respecting the right to vote, and the amount on which any party claiming to be a creditor shall be allowed to vote, from the necessity of the case the statute must be construed to give the court power to determine such questions, and as the meeting is held not in court but before the register, the duty devolves on him to determine the question in the first instance from such proofs of claim and other evidence as the parties may offer. Whether this decision, when made by the register or by the court, is controlling for any other purpose than that of determining how the creditor shall rank for the purposes of this vote is not in question in this case.

The question of the right of Clarkson or of Samuel K. Spencer to vote as the owner of the two judgments was virtually passed upon by the register at the first meeting in favor of Clarkson. This proof was undoubtedly defective, in that the assignment from Seagrave, the judgment creditor, to him was not produced. It may have been by parol, but that would be extraordinary, and there is no evidence of it. Samuel K. Spencer seems to have submitted his case to the register at the meeting, and the proof offered by Clarkson was decided to be regular, and that offered by Spencer insufficient, and it was held that Clarkson, and not Spencer, was entitled to vote on these claims. I think, under these circumstances, the proper course is for the party making claim thus disallowed to apply to the register for an adjournment of the meeting till his right as a creditor can be tested and passed upon by the court before the final vote is taken. He may ask to have the question certified to the court upon the testimony before the register, or if he desires to produce further evidence, he should ask leave to produce it, and if necessary ask for time. If, however, he submits to the decision, and without further objection allows the vote to be taken, I think he cannot ordinarily be allowed to reopen the question at the second meeting, upon consideration of the question whether the requisite majority of creditors present at the first meeting has assented to the composition. I say ordinarily, because cases may arise where, by reason of newly discovered evidence or on other equitable grounds, the party should not be concluded even by his acquiescence in the taking of the vote. If any party is aggrieved by the rulings of the register on his application for time or opportunity to prove his right to vote, or to disprove another claimant's right, it is competent for the court, in order to secure a full and fair vote, to reopen the meeting and adjourn it, and provide for the proper determination of all questions of the right to vote in some suitable way before a final vote is taken, and upon the coming in of the report of the register, his rulings on these questions, as disclosed by the record, are subject to the review of the court, for the determination of the question whether the requisite majority of those present has assented to the composition. In this case Spencer apparently acquiesced in the decision of the register, and took no measures to have the question reheard until the second meeting was convened on the 28th of March. He then proposed to try before the register the same question with witnesses. Such practice would be very inconvenient in keeping the creditors together till such trial could be had, and in the absence of special circumstances excusing the delay and justifying the reopening of the question, the register properly declined to receive the evidence. Spencer in his deposition does not show any particular merits. His statement is so extraordinary as to his ownership of the judgments in which he was a judgment debtor that it would require a considerable

weight of evidence to prove such a claim. The remarks above made in relation to the examination of the claim of Spencer apply also to the re-examination of the proof of debt made by Clarkson. Any other creditor present at the first meeting could have applied to have Clarkson's claim re-examined, and Mrs. Thomas, though not present at the meeting, could have applied, on the case now made by her affidavit, to have the meeting reopened and her objections to Clarkson's claim considered, but the register very properly held that the application to the second meeting was too late so far as the question of the right to vote at the first meeting was concerned. In all such questions it should not be overlooked that the bankrupt law [of 1867; 14 Stat. 517] affords and was intended to give speedy and summary methods for the settlement of insolvent estates, and that therefore great diligence should be required of all parties, where the want of such diligence will embarrass or delay other parties in interest. I do not, however, question the right or duty of the court at any time to entertain applications intended to correct mistakes, expose fraud or improper practice, or to bring to the notice of the court in these composition proceedings any matters that may properly be considered in determining whether the composition is fair and proper. Thus I am brought to the conclusion that the proceedings of the meeting have been regular, and that neither of the parties claiming to be aggrieved is in a position to ask, as a matter of right, that the proceedings be set aside, or the composition rejected, on the ground of irregularity.

The question still remains, however, whether it is for the best interests of creditors that it should be confirmed and recorded. The composition is only two per cent. No creditor has any very large interest certainly in its confirmation, although there is an apparent entire want of assets. The largest creditor, without whose vote. if she had been present, it could not have been passed, is strongly opposed to it. Her address was by accident or design erroneously given in the schedule of creditors by which the notices of the first meeting were issued, and she was not present to vote. I am not entirely satisfied about Clarkson's right to vote.

On all the circumstances, I am not able to bring myself to the belief that for so small a consideration as two per cent. on their debts it is for the best interests of the creditors to release the debtor from ninety-eight per cent. There has been a formal, but not a real, compliance with the requirements of the law as to the consenting majority of the creditors.

Order refused, without prejudice to the right of the bankrupt to propose the same or other composition.